## Case No. 17,403.

WELLS v. NEVILLE.

[4 Wash. C. C. 209.] [1]

Circuit Court, D. Pennsylvania.    April Term, 1818.

INTERNAL REVENUE COLLECTORS — PAYMENTS TO INSPECTOR.

Money collected by a collector of internal revenue, under the act of congress of March 3, 1791 [1 Stat. 199], and paid over by him to the inspector, cannot be recovered back by the collector as money had and received to his use.

At law.

WASHINGTON, Circuit Justice. This is an action of indebitatus assumpsit, for money had and received by the testator, to the use of the plaintiff. There are other counts in the declaration; but as they in no respect fit the case, they need not be noticed. The jury found a verdict for the plaintiff, subject to the opinion of the court, upon the following point: "It appearing on the plaintiff's testimony that the moneys he charges to General Neville were paid by the plaintiff as collector to said Neville as inspector; is the plaintiff entitled to recover the balance not paid by said Neville to the United States, as the said Neville remains liable to the United States for the same." To entitle the plaintiff to recover back money which he has once paid. it is essential for him to show that, ex equo et bono, the defendant ought not to retain it; as if he can prove that the money was paid under a mistake to a person having no authority to receive it, or where the consideration has failed, and the like. The equity of the plaintiff to call for restitution of the money, constitutes the whole of this case,

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

which he is bound to make out, or else the presumption of law is, that the payment was properly made.

The question is, whether the point reserved presents such a case to the court. It is contended by the plaintiff's counsel that the act of congress of the 3d of March 1791, for imposing duties upon spirits within the United States, under which it is alleged the money in question was collected by the plaintiff, conferred no authority upon the inspectors to receive from the collectors the amount of the duties which they might collect, and consequently, that the plaintiff in making this payment to the defendant, acted under a mistake; and is entitled to reclaim the money as so much received to his use. The sixteenth section of the law provides, that the duties shall be collected under the management of the supervisors of the revenue; and the fifth section directs that the supervisors, inspectors, and other officers, who shall be charged to secure the duties, and with the receipt of moneys in discharge of them, shall keep records of their transactions, and shall pay to the order of the officer who is, or shall be authorised to direct the payment thereof, all the moneys which they may respectively receive; and shall also transmit, at stated periods, their accounts for settlement to the officer, whose duty it shall be to make such settlement. Thus then it is obvious, that not only the collector, but the inspector, and even the supervisor, might receive these duties. But how? Certainly, the two superior officers were not to exercise the duties of the inferior, by collecting the duties from the distillers; or else his appointment would seem to have been in a great measure, if not altogether unnecessary. The moneys, therefore, which the inspector would have to account for, would be such as came into his hands from the collector, and the supervisor would be accountable for moneys received by him from one or both of the inferior officers. He might direct the payments to be made by the collectors directly to himself, or to the inspectors, subject, no doubt, as all his measures were, to the superior and controlling authority of the head of the treasury department. But as a power was vested by this act in the supervisor, and in the treasury department, to direct the duties to be paid over by the collector to the inspector, the court cannot say that the payment in question was unauthorized, and that the money was consequently received to the plaintiff's use, unless that fact had been found by the jury, or agreed by the parties; which, not being done, the plaintiff has no case upon which he can recover in this action.

It is stated in the case, that Neville, at the time the verdict was found, remained liable for this money to the United States; whether this liability arose from the authority vested in Neville by his superiors to receive from the plaintiff the money he might collect, or by his engagement to account for the same to the United States, he is certainly entitled, ex equo et bono, to withhold the money from the plain-

tiff, to enable him to discharge his responsibility. But although the court has thought proper to notice this fact, we desire that it may be distinctly understood, that our opinion is formed upon the construction of the act of congress, and that it would be in its result the same, if the latter words of the case had been omitted; our opinion being, that the defendant, by receiving in his capacity of inspector, from the plaintiff as collector, the duties which had come into his hands in his official capacity, is responsible for the same to the United States, and ought not therefore to be also liable to refund the same to the plaintiff.